UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PICARD GROUP, LLC                          CIVIL ACTION NO. 26-cv-912

VERSUS                                     JUDGE VAN HOOK

INTENSIVE SPECIALTY HOSPITAL LLC           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

The Picard Group, LLC filed this civil action pursuant to 9 U.S.C. § 9 to confirm an arbitration award that was entered against Intensive Specialty Hospital, LLC.  Before the court is Intensive's "Exception of Improper Venue Pursuant to FRCP Rule 12(b)(3)" (Doc. 7).  Intensive argues in a one-page memorandum that this court is not a proper venue because (a) Section 9 provides that, when the parties have not otherwise agreed in their contract, an application to confirm may be made in the district "within which such award was made" and (b) the arbitration hearing in this case took place in Baton Rouge, which is in the Middle District of Louisiana.  For the reasons that follow, it is recommended that the motion to dismiss be denied.

**Picard's Burden**

When a defendant files a motion that challenges venue, the plaintiff bears the burden to establish that the district it chose is a proper venue.  Perez v. Pan Am. Life Ins. Co., 1995 WL 696803, *2 (5th Cir. 1995).  "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in

favor of the plaintiff." Braspetro Oil Servs. Co. v. Modec (USA), Inc., 240 Fed. Appx. 612, 615 (5th Cir. 2007). The court may also "look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." Lighthouse MGA, LLC v. First Premium Ins. Grp., Inc., 448 Fed. Appx. 512, 514 (5th Cit. 2011).

**Relevant Facts**

Picard and Intensive entered into two contracts that called for Picard to serve as a governmental affairs consultant and lobbyist for Intensive in exchange for monthly fees. One contract related to federal government relations, and the other related to state government relations. Each contract contains a provision that the parties may invoke arbitration pursuant to the AAA Commercial Arbitration Rules and that arbitration proceedings "shall be held in Lafayette, Louisiana, before a single arbitrator …; should the parties otherwise agree, the arbitration proceedings may be held and conducted in a mutually convenient location acceptable to the parties."

Arbitrator Robert W. Barton (a Baton Rouge attorney) issued an interim award, a final award, and an amended final award. Only the interim award and amended final award are in the materials submitted to the court. Each award states: "Venue for arbitration is Lafayette, Louisiana under the contracts; an evidentiary hearing was held in Baton Rouge, Louisiana, by agreement of the parties."

**Subject Matter Jurisdiction**

The court must always assure itself that it has subject matter jurisdiction. The Federal Arbitration Act does not provide for federal jurisdiction, so there must be an independent basis such as diversity or federal question. Badgerow v. Walters, 142 S.Ct.

1310 (2022). A federal court, in determining jurisdiction to decide an application to confirm an arbitral award, looks only to the application submitted to the court; it does not look through the application to the underlying controversy between the parties as it would with a petition to compel arbitration. Id.

There is diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332. The diversity jurisdiction disclosure statements and other submissions by the parties indicate that, pursuant to the rule that the citizenship of an LLC is based on that of its members[1], Picard is a Louisiana citizen and Intensive is a New Jersey citizen. The complaint alleges that the principal amount of the arbitration award was $178,000, plus additional amounts that were awarded for interest, fees, and expenses. Thus, there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

**Venue**

The FAA, in 9 U.S.C. § 9, provides that if the parties in their agreement have agreed that a judgment shall be entered upon the arbitration award, and shall specify the court, then any party may apply to the court so specified for an order confirming the award. The parties in this case did not specify a court. The statute adds: "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for *the district within which such award was made*." (emphasis added).

Intensive argues that the Middle District of Louisiana is the proper venue under Section 9 because the arbitration hearing was held in Baton Rouge. But "[c]ourts agree

---

[1] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

that the location of the hearing and the location of the arbitral seat are two separate things and an arbitration can be sited in a different place from where the hearing is held." Oleo-X LLC v. Saint Paul Commodities, Inc., 2024 WL 4277531, *3 (S.D.N.Y. 2024). Arbitration awards are considered "to have been granted at the location of the arbitral seat." Id. at *4 (Section 9 venue was in New York, the seat of the arbitration, even though the parties agreed to a hearing in Chicago and, later, to hold it virtually).  The location of the "arbitral seat" is determined by the location the parties agreed to hold the arbitration, and it is unaffected by the arbitration hearing being held in a different city or virtually. Citizens Bank, N.A. v. Magleby, 2025 WL 33430, *2 (S.D.N.Y. 2025) (contract stated that arbitration would be in Nevada, so Nevada was the Section 9 venue despite virtual hearings, an agreement to a hearing in New York that was not held, and the arbitrator being located in California).

The hearing in this arbitration may have been held by agreement in Baton Rouge, but both contracts state that arbitration shall be held in Lafayette (located in the Western District of Louisiana) unless the parties otherwise agree.  Also, AAA Commercial Arbitration Rule R-12 (Fixing of Locale) provides: "When the parties' arbitration agreement requires a specific locale, absent the parties' agreement to change it, or a determination by the arbitrator that applicable law requires a different locale, the locale shall be that specified in the arbitration agreement."  The rule contemplates a locale in one place with a hearing in another.  It states, "The arbitrator, at the arbitrator's sole discretion, shall have the authority to conduct special hearings for document production purposes or otherwise at other locations if reasonably necessary and beneficial to the process."

There is no indication of an agreement by the parties to change the contractual seat or locale of the arbitration, and the arbitration awards state, "Venue for arbitration is Lafayette, Louisiana under the contracts; an evidentiary hearing was held in Baton Rouge, Louisiana by agreement of the parties."  Although a hearing was held by agreement in Baton Rouge, Lafayette remained the arbitral seat and is the place where the award was "made" for Section 9 purposes.  The record does not indicate where the arbitrator was when he signed and issued the awards, but he may have been at his law office in Baton Rouge. If he was, it would not matter to venue because such ministerial acts do not mean the decision was "made" in that location.  Motion Picture Lab'y Technicians Loc. 780, I.A.T.S.E. v. McGregor & Werner, Inc., 804 F.2d 16, 18 (2d Cir. 1986) (signing and mailing the award is a "ministerial" action which has no bearing on venue).  Accordingly, the Western District of Louisiana is the proper Section 9 venue for this action to confirm the award.

This court is also a proper venue under the general venue statute, 28 U.S.C. § 1391. The venue provided in Section 9 of the FAA is permissive, so an action to confirm an arbitration award may be filed either where the award was made or in any district proper under Section  1391.  Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 120 S. Ct. 1331 (2000).  The general venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1).  Intensive is the only defendant in this case. For venue purposes, an entity, whether or not incorporated, shall be deemed to reside, if a

defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.  Section 1391(c)(2).

Intensive has stated in the record that it is a Louisiana limited liability company. Doc. 12.  Courts have held that LLCs may be considered "at home" and subject to general jurisdiction in the state where they are organized (or where they have their principal place of business).  Prepared Food Photos Inc. v. Epic Sols. LLC, 2022 WL 4243559, *4 (W.D. La. 2022); Talbot's Pharms. Fam. Prods. L.L.C. v. Skanda Grp. Indus. L.L.C., 2021 WL 1940203, *4 (W.D. La. 2021).  Picard has submitted evidence that Intensive operates two hospitals in Shreveport and one in Bossier City (Doc. 13-1), and Intensive has offered no argument that it is not subject to personal jurisdiction in this district.

The record demonstrates that the arbitration award was made in this district, making venue proper under 9 U.S.C. § 9.  Alternatively, venue is proper under Section 1391 because Intensive, the sole defendant, resides in Louisiana for venue purposes.  The allegations in Picard's complaint and the other evidence submitted by the parties establish a basis for venue in the Western District of Louisiana.

Accordingly,

It is recommended that Intensive Specialty Hospital, LLC's Exception of Improper Venue Pursuant to FRCP Rule 12(b)(3) (Doc. 7) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge