**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| PICARD GROUP, LLC | CIVIL ACTION NO. 26-0912 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| INTENSIVE SPECIALTY HOSPITAL, LLC | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

The Picard Group, LLC ("Picard") filed a petition to confirm an arbitration award against Intensive Specialty Hospital, LLC ("Intensive") pursuant to 9 U.S.C. § 9. Record Document 1. In response, Intensive moved to modify the arbitration award. Record Document 18. For the following reasons, the petition to confirm an arbitration award, Record Document 1, is **GRANTED** and the motion to modify the arbitration award, Record Document 18, is **DENIED**.

## Analysis

Picard and Intensive's dispute arose from a pair of consulting contracts. *Id.* at 2. Picard alleged that Intensive breached these contracts because Intensive did not pay what it owed. *Id.* at 3. Because the contracts required the parties to arbitrate any dispute, Picard and Intensive selected Robert W. Barton as arbitrator ("Arbitrator'). *Id.* Ultimately, the Arbitrator found in Picard's favor and awarded Picard the principal amount of $178,000. Record Document 1-1 at 2. The Arbitrator also awarded contractual interest and attorneys' fees and costs. *Id.* at 2-3.

The Federal Arbitration Act ("FAA") bestows federal courts with jurisdiction to confirm arbitration awards. 9 U.S.C. § 9 provides that "if the parties in the agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration…that at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."

This district court has explained that "[t]he language of Section 9 is mandatory, instructing the courts 'must' confirm an arbitration award unless the arbitration award is vacated, modified, or corrected." *Ashton v. PJ La., Inc.*, No. 19-901, 2020 WL 1068161, at *2 (W.D. La. Mar. 3, 2020)(quoting 9 U.S.C. § 9). "[T]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Id.* (quoting *Hall Street Assoc. v. Mattel*, 552 U.S. 576, 587 (2008)).

For its part, Intensive moved for modification of the arbitration award, arguing one of the prescribed exceptions applies. Record Document 18. Federal courts may modify an arbitration award for only the three reasons expressly enumerated in 9 U.S.C. § 11. *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) ("[T]he statutory grounds are the exclusive grounds for [modification] under the FAA."). An award may be modified when (1) "there was an evident miscalculation," (2) "the arbitrators have awarded upon a matter not submitted to them," or "the

award is imperfect in matter or form not affecting the merits of the controversy[.]" 9 U.S.C. § 11.

To modify an award, however, the FAA imposes strict procedural requirements on a party. *Moore v. Valero Ardmore Refin.*, No. 14-103, 2015 WL 129985, at *1 (N.D. Tex. Jan. 9, 2015) ("In addition to limiting the substantive grounds for pursuing such a motion under the FAA, the FAA has strict procedural requirements.") (cleaned up). Specifically, a motion to modify must be "served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. If a party fails to timely serve a motion to modify, it "forfeits the right to seek judicial review of the award." *Gonzalez v. Mayhill Behav. Health, LLC*, No. 21-188, 2022 WL 1185889 (E.D. Tex. Apr. 21, 2022).

Intensive forfeited the right to seek modification of the arbitration award because it did not move timely. The Arbitrator delivered a copy of the arbitration award to Intensive on February 12, 2026. Record Document 19-1 at 1. Picard filed its petition to confirm that award on March 23, 2026. Record Document 1. But Intensive did not move to modify the arbitration award until July 22, 2026. Record Document 18. Using either date to measure timeliness, Intensive was untimely because it waited more than three months to try to modify the arbitration award. *See, e.g.*, *Tokura Const. Co. v. Corporacion Raymond, S.A.*, 533 F. Supp. 1274, 1279 (S.D. Tex. 1982) (holding the FAA precluded a party's objection to the arbitration award because it waited five months to seek modification). Thus, Intensive forfeited the right to request modification of the arbitration award.

In the alternative, the Court also finds that the Intensive's argument for relief does not fit within an enumerated exception for the modification of an arbitration award.

Intensive asserted that the arbitration award should be modified because the enumerated exception for "miscalculation of figures" applied. *See* Record Document 18 at 1. But to qualify as a miscalculation of figures, the error must concern "a computational error in determining the total amount of an award…[that is] a mathematical error appearing on the face of the award." *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008). In other words, the arbitrator must have committed "an unambiguous and undisputed mistake of fact…in making his award." *Valentine Sugards, Inc. v. Donau Corp.*, 981 F.2d 210, 214 (5th Cir. 1993).

Other district courts have emphasized that the "miscalculation of figures" exception cannot be used to review alleged mistakes of law. *See, e.g.*, *Norris v. Jie Bao*, No. 18-2492, 2019 WL 162887, at *5 (N.D. Tex. Jan. 10, 2019) (refusing to modify amount of damages because the party's argument "rests on an alleged mistake of law, not a mistake of fact."); *Gonzalez*, 2022 WL 1185889, at *5 (rejecting modification where an argument "relies entirely on the idea that [plaintiff] is entitled, as a matter of law, to nominal damages and attorney's fees[.]").

For example, in *Taamilo v. Midland Credit Management, Inc.*, one court held that "the arbitrator's award [did] not display an evident material miscalculation of figures" because the plaintiff's arguments "amount[ed] to alleged mistakes of law, not

mistakes of fact." No. 19-1200, 2021 WL 8083338, at *3 (W.D. Tex. May 26, 2021). There, the plaintiff argued that a miscalculation of figures occurred because the arbitrator had "no rational basis" for the attorney's fees award and that the award should have been higher based on the evidence that the plaintiff had submitted. *See id.* In rejecting that argument, the district court explained that the plaintiff "points to a number of disputed facts about which the arbitrator made a substantive decision on the merits." *Id.* And no miscalculation of figures occurred because, "[w]hile the arbitrator's analysis on reasonable attorney's fees and costs may not be to plaintiff's liking, it does not demonstrate an unambiguous and undisputed mistake of fact." *Id.*

In this case, Intensive is not entitled to modification of the award because it challenges alleged legal errors, not computational ones. Intensive says Picard should not have received the full contract value because their labor "merited a small amount of money for the things that were done." Record Document 18 at 2. Intensive argues the Arbitrator's award failed to comply with the legal doctrine of quantum meruit, claiming that the "awards in this case should be based solely on the theory of quantum meruit. Quantum meruit is an equitable remedy which allows for payment of a reasonable amount of compensation for the labor…furnished." *Id.* Alternatively, Intensive asserts that the Arbitrator should have reduced the damages award because it had alleged that Picard agreed to a discounted rate from the one included in their contract. *Id.* at 4. These arguments relate to the Arbitrator's substantive decisions on the merits, and thus, they do not qualify as a "miscalculation of figures" or permit modification of the arbitration award.

## Conclusion

For these reasons, Picard's petition to confirm the arbitration award, Record Document 1, is **GRANTED** and Intensive's motion to modify the arbitration award, Record Document 18, is **DENIED**. A judgment consistent with this memorandum ruling will follow.

**DONE AND SIGNED** at Shreveport, Louisiana, this 28th day of September, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE