**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| PICARD GROUP, LLC | CIVIL ACTION NO. 26-0912 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| INTENSIVE SPECIALTY HOSPITAL, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

The defendant, Intensive Specialty Hospital LLC ("Intensive"), filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Record Document 23. This Court previously entered judgment and confirmed an arbitration award in favor of the plaintiff, Picard Group, LLC ("Picard"). Record Document 22. For the following reasons, the motion to alter or amend judgment, Record Document 23, is **DENIED**.

Intensive first argued that a memorandum ruling, which accompanied the judgment, erred in its analysis of timeliness. Record Document 23-1 at 2. The memorandum ruling explained that the Federal Arbitration Act ("FAA") imposed strict procedural requirements and that motions to modify an arbitration award must be filed within three months. Record Document 21 at 3. The memorandum ruling found that Intensive waited more than three months after the arbitration award to file its motion to modify, and as such, was untimely. *Id.*

According to Intensive, the memorandum ruling should not have found it untimely because it filed an exception of improper venue within three months of the

arbitration award. Record Document 23-1 at 2. But the Court is not persuaded. To start, Intensive did not raise this argument in its original briefing. Furthermore, Intensive offered no legal authority to support its claim that filing an exception of improper venue would toll the strict procedural requirements of the FAA. In any event, as the memorandum ruling explained, the Court also considered the merits of Intensive's arguments and reached the same result. Record Document 21 at 4.

In addition, Intensive argued that the judgment should be amended and the arbitration award should be modified to remove damages awarded for the period after February 1, 2024. Record Document 23-1 at 3. Intensive asserted that including these damages was "manifestly unjust" because its contract with Picard expired on January 31, 2024. *Id.*

This argument, like Intensive's others that were already addressed in the memorandum ruling, fails because it attacks an alleged mistake of law, rather an enumerated exception under 9 U.S.C. § 11. *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) ("[T]he statutory grounds are the exclusive grounds for [modification] under the FAA."). Intensive's argument amounts to nothing more than a "manifest disregard of the law" challenge to the arbitrator's decision, a standard that the United States Court of Appeals for the Fifth Circuit has foreclosed. *Id.* at 355 ("Thus, to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA.").

## Conclusion

For the foregoing reasons, the Motion to Alter or Amend Judgment Pursuant to FRCP 59(e), Record Document 23, filed by the defendant, Intensive, is **DENIED**. An order consistent with the terms of this memorandum ruling shall be issued herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE